Condray v. Stifel.

## CONDRAY v. STIFEL *et al.*

Justices and Their Courts: APPEAL: PRACTICE: EXCEPTIONS. While an objection in a justice's court need not be made as formally, and a record of it made as fully, as is required in courts of record, yet a party objecting to a decision rendered in a justice's court must, in an intelligible manner, and at the time, make his objection known, in order to have the decision reviewed by proceedings in error. (See Code, sec. 3516.)

*Appeal from Clarke District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MAY 10, 1889.

THIS action was commenced in justice's court to recover damages alleged to have been caused by the wilful and malicious destruction of certain straw. The defendants appeared, and filed an answer, which set out several defenses to plaintiff's right of recovery, including a counter-claim. Plaintiff filed a motion to strike several divisions from the answer, which was sustained. The justice afterwards, on his own motion, struck out the counter-claim. A trial was then had, which resulted in a judgment for the plaintiff. No exception to the rulings nor to the judgment was taken. The defendants removed the cause to the district court by proceedings in error. The district court found that the justice erred in sustaining the motion to strike from the answer, and in striking out the counter-claim on his own motion, and ordered the cause remanded to justice's court for trial. From that order the plaintiff appeals.

*W. M. Wilson*, for appellant.

No appearance for appellees.

Robinson, J.—The amount in controversy not exceeding one hundred dollars, the trial judge certified that the cause involves the determination of a legal question upon which it is desirable to have the opinion of this court, which is substantially as follows: "In an action in justice's court, is it necessary, in order to have a ruling reviewed by proceedings in error, to except to such ruling when it is made?" The certificate of the judge includes reference to representation of parties by attorneys, to rulings after argument by attorneys to a written motion, and to the entry of the ruling in the docket; but, as stated, these matters do not seem to be material to the determination of the real question certified. It is a well-known rule of law that rulings of the district court will not be reviewed by this court, unless they were duly excepted to, and the exception must be taken in most cases at the time the ruling is made. Code, sec. 2831. The rule is a most salutary one, designed to promote the administration of justice. Parties should not be permitted to speculate in results by appearing to acquiesce in a ruling until such time as it suits their interest or convenience to question it. They should make known their objections at the time the ruling is announced, or within such time thereafter as is prescribed by due authority. The reasons for the application of the rule in courts of record apply also to justices' courts. Section 3516 of the Code provides that " the parties to the action may be the same as in the circuit [and district] court, and all the proceedings prescribed for that court, so far as the same are applicable, and not herein changed, shall be pursued in justices' courts." It is certainly practicable for a party to a suit in justice's court to make known his objections to a ruling at the time it is made, and it is due to the court and to the other party that he should do so

We are not to be understood as holding that an objection in justice's court must be made as formally, and a record of it made as fully, as would. be required in courts of record. That would not be practicable in many cases, and is not required. What we do hold is that a party objecting to a decision rendered in justice's court must in an intelligible manner, and at the time, make his objection known, in order to have the decision reviewed by proceedings in error. In this case the certificate states that the motion to strike was sustained, "after argument by counsel," but it is not shown that counsel for defendant took any part in the argument, nor is it shown that defendant was at the time dissatisfied with the result. The fact that he did not except, nor, so far as is shown, in any manner object, to the ruling, justifies the presumption that it was satisfactory to him when made.                    REVERSED.